# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9115 | **DATE** | 4/14/2003 |
| **CASE TITLE** | Chicago Foot Clinic vs. United Health Care Insurance, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: UHC's motion to dismiss the Clinic's complaint is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 15 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 4/12/2003 | |
| | | | date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO FOOT CLINIC,                    )
an Illinois corporation                 )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   Case No. 02 C 9115
                                        )
                                        )
UNITED HEALTH CARE INSURANCE,           )
COMPANY OF ILLINOIS, a corporation,     )
UNITED HEALTH CARE INSURANCE            )
COMPANY, a corporation, and LESLY       )
MOTORS, INC., formerly known as         )
CELEBRITY FORD, INC., a corporation.    )
                                        )
            Defendants.                 )

DOCKETED

APR 1 5 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is the motion of Defendants United HealthCare Insurance Company of Illinois and United HealthCare Insurance Company ("UHC" or "UHC Defendants"), to dismiss the complaint of Plaintiff Chicago Foot Clinic, Ltd. ("Clinic" or "Chicago Foot Clinic"). For the reasons set forth below, this Court grants UHC's motion in part and denies it in part.

I.  BACKGROUND

    A.  Procedural History

Plaintiff filed a six count complaint in the Circuit Court of Cook County, Illinois against UHC Defendants and Lesly Motors, Inc. ("Lesly Motors" or "Dealership") alleging breach of contract (Counts I and II)[1], violations of the Illinois Insurance Code (Count III), misrepresentation and fraudulent

---

[1] Chicago Foot Clinic labels Count I "Breach of Contract" and Count II "Third Party Beneficiary."

concealment (Count IV), estoppel (Count V), and violation of an unspecified provision of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") (Count VI)[2]. Defendants removed the case to this Court based on our federal question jurisdiction under 28 U.S.C. §1331 over Count VI of the complaint which the Clinic brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Defendants removed the remaining counts of the complaint based on this Court's supplemental jurisdiction under 28 U.S.C. §1367(a).

UHC Defendants subsequently moved to dismiss on the ground that ERISA preempts each count of the Plaintiff's complaint. Lesly Motors joined the motion as to Count VI of the complaint, the only claim the Plaintiff brought against the Dealership. Plaintiff then moved to voluntarily dismiss Count VI of its complaint and moved to remand the case to the Circuit Court of Cook County, Illinois. We granted both of the Plaintiff's motions on February 5, 2003. UHC Defendants petitioned this Court to reconsider our order of February 5, 2003 remanding the case. On February 12, 2003, we vacated the order based on UHC's argument that the remaining counts arise under ERISA and are therefore within our jurisdiction under the doctrine of "complete preemption." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (well-pleaded complaint rule does not prohibit removal when action arises under ERISA).

**B.     Facts**

The following factual allegations are taken from the Plaintiff's complaint and are deemed true for the purpose of UHC Defendants' motion. On or about August 1, 1997, Maritza Hernandez became insured under a policy issued by UHC. The policy terminated on November 2, 1997. On October 28, 1997, Hernandez came under the care of the podiatrist employees and independent contractors of the Chicago Foot Clinic. On that date, the Clinic verified that Hernandez was covered by an insurance

---

[2]The Clinic labeled Count VI "ERISA".

policy issued by UHC. UHC informed the Clinic that Hernandez had benefits for anesthesia, surgery, and office visits.

On October 29, 1997, the Clinic requested and UHC provided pre-certification for Hernandez to receive certain surgery and anesthesia benefits. UHC did not place a time limit on the validity of the pre-certification or on the date by which surgical procedures had to be completed. UHC did not inform the Clinic that the pre-certification was only valid for services rendered through November 2, 1997. The Clinic relied on the pre-certification when it performed surgery on Hernandez and provided medical and podiatric treatment to her on the following dates: 10/28/97, 11/15/97, 11/25/97, 11/29/97, 12/6/97, 12/20/97, and 1/6/98. The reasonable value of the surgery and treatment totaled $23,165.00.

Before March 30, 1998, Hernandez assigned her rights under the insurance policy to the Clinic, which thereafter submitted billing statements requesting payment of $23,165.00 to UHC. The Clinic submitted the statements in proper form, consistent with generally accepted insurance claims practices. On December 3, 1997, UHC paid the Clinic $89.96 of a $310.00 claim for treatment rendered on October 28, 1997. UHC subsequently denied the Clinic's claims for all treatment rendered after the termination of the policy on November 2, 1997. UHC informed the Clinic of its decision to deny those claims after April 6, 1998. On October 22, 2002, the Clinic commenced the action presently before this Court seeking payment from UHC in the amount of $23,075.04 as well as costs and attorneys' fees. UHC filed a motion to dismiss the Clinic's complaint on December 31, 2002.

## II. ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as

true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. Preemption: Counts I-V

UHC argues that ERISA preempts each count of the Clinic's complaint, which is based on state law causes of action. Section 514(a) of ERISA provides, in relevant part, that ERISA "shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. §1144(a). As such, the determination of whether ERISA preempts a state law requires an analysis of the following two issues: (1) whether the policy at issue is an employee welfare benefit plan, and (2) whether the state law "relate[s] to" the employee benefit plan. *Id.*; *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The Seventh Circuit has explained that a plan is an employee welfare benefit plan if it has the following five elements: "(1) a plan, fund or program, (2) established or maintained, (3) by an employer . . . (4) for the purpose of providing medical, surgical, hospital care . . . (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir. 1986).

In this case, the complaint states that Maritza Hernandez was insured under a policy issued by UHC. The complaint does not indicate whether Hernandez's coverage arose from an employee welfare benefit plan established or maintained by her employer. UHC insists that Hernandez obtained insurance coverage through an employee welfare benefit plan established by her employer, Lesly Motors. Neither party, however, provides this Court with a copy of Hernandez' insurance policy or the plan. In the context of this motion, we cannot find that the insurance policy UHC issued to Hernandez was part of

4

an ERISA employee benefit plan. Consequently, we cannot further analyze UHC's contention that the Clinic's complaint is preempted by ERISA. This Court therefore denies UHC's motion to dismiss the Clinic's complaint on the ground of ERISA preemption.[3]

### C.     Failure to State a Claim: Count III

UHC contends that Count III of the complaint fails to state a claim under §143.16 of the Illinois Insurance Code. We agree. In Count III, the Clinic claims that UHC violated §143.16 by failing to provide the Clinic with 60 days notice of the cancellation of Hernandez' health insurance policy. Section 143.16 requires that "[a]ll notices of cancellation of insurance to which Section 143.11 applies . . . must be mailed at least 60 days prior to the effective date of cancellation." 215 ILCS 5/143.16. Section 143.11 applies to companies that provide insurance "*except* life, accident and health, fidelity and surety, and ocean marine policies." 215 ILCS 5/143.11. UHC provides health insurance and is therefore exempt from the Illinois Insurance Code's notice requirement. *See id.* The Clinic can prove no set of facts in support of this particular claim. Accordingly, we grant UHC's motion to dismiss the portion of Count III alleging a violation of §143.16 of the Illinois Insurance Code.

---

[3]We are confident that, after minimal discovery, the parties will explicitly determine whether the policy at issue was part of an employee welfare benefit plan. If the Clinic subsequently fails to provide evidence to support its allegations that its five state law claims are not governed by ERISA, UHC may, of course, reassert its argument in a motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, UHC's motion to dismiss the Clinic's complaint on the basis of preemption is denied. UHC's motion to dismiss Count III of the Clinic's complaint alleging a violation of §143.16 of the Illinois Insurance Code is granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 4/14/03